## Case No. 7,123.

In re JACKSON et al.

[7 Biss. 280; [1] 14 N. B. R. 449.]

District Court, E. D. Wisconsin.  Sept. 4, 1876.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

John B. Winslow, for creditors petitioning to set aside appointment of assignee.

Jenkins, Elliott & Winkler, for creditors opposed.

DYER, District Judge. Section 5083 of Revised Statutes provides, that "when a claim is presented for proof before the election of the assignee, and the judge or register entertains doubts of its validity, or of the right of the creditor to prove it, and is of opinion that such validity or right ought to be investigated by the assignee, he may postpone the proof of the claim until the assignee is chosen."

Obviously, under this language of the statute, it is not required, in order to justify the postponement of proof of a claim until after the election of an assignee, that the register should be satisfied, or have before him positive evidence, that the claim is invalid, or that the creditor has no right to prove it. Upon facts or circumstances being laid before him, which create in his mind a substantial doubt upon the question of validity or of the creditor's right, it is his duty to postpone the claim for investigation. The necessity for a prompt election or appointment of an assignee being usually imperative, the theory of the law seems to be, that such election or appointment shall not await an investigation—in many instances necessarily protracted—of all the facts touching the validity of the claim. It therefore not infrequently occurs that a claim is postponed and 'is not permitted to be represented in the choice of an assignee, which is subsequently admitted to proof upon full showing made.

I. The doubt in the mind of the register should be a reasonable, substantial doubt, resulting from a judicial consideration of the question. Such investigation is therefore required as will influence the mind to a conclusion as to whether there is such doubt of the validity of the claim or of the creditor's right to prove it. The register cannot postpone claims on mere objections. If bare objections are made and the register nevertheless regards the claims as valid and admissible, the court should be at once applied to, if the objections are insisted on, since "the register has not the power to proceed to a choice of assignee without the votes of all the creditors who wish to vote, if their votes can influence the result, unless the register himself considers their claims doubtful." In re Bartusch [Case No. 1,086].

There is no doubt, that where the power of postponement is erroneously exercised by the register, the creditors prejudiced may have the judgment of the court on the question, and it then becomes the duty of the court to consider whether the facts or circumstances laid before the register warranted a judicial determination that the claim in question was of such doubtful validity as to justify an opinion that the claim or the creditor's right should be investigated by an assignee. In re Lake Superior Ship Canal, Railroad & Iron Co. [Case No. 7,997].

The register has certified in this case, that he had such doubts as to the validity of the claims in question, and as to the right of the alleged creditors to prove them, that he was of opinion that such validity or right should be investigated. The fact of relationship of the parties whose claims were postponed, to the bankrupts, would not alone justify the register's action. Nor would the single fact of discrepancies between these claims as scheduled by the bankrupts and as offered for proof, because those discrepancies might arise from computations of interest, but with these circumstances, he had the sworn statement of other creditors, that in their belief, the claims were to some extent fictitious and were proved for the purpose of controlling the election of assignee, in the interest of the bankrupts. And added to these, was the circumstance that these demands did not appear upon the books of the bankrupts, nor in any bills payable account kept by them. This must have been in the mind of the register, and is a material fact; since it is regarded as a matter of high importance, by the terms of the law, that merchants shall keep books of account from which creditors may learn their actual financial condition. I do not mean that the circumstance referred to would necessarily have weight against these claims upon further investigation, because it is a circumstance susceptible of explanation, but, at this stage of the case, the question is, whether it was not a fact, which, in connection with the other circumstances, might not create a reasonable, substantial doubt as the basis for an opinion, that the claims should be investigated by an assignee. I am not prepared to say it was not, or that the register erroneously entertained the doubts upon which he acted in postponing these claims.

Further, I take occasion to suggest where a review by the district judge of the action of the register in such cases is sought, the better practice on the part of creditors who object to the postponement of claims. is, to at once have the objection entered, obtain a stay of proceedings, and have the case certified, before any further action before the register transpires.

Inasmuch as without such objection being thus made in this case, the vote for assignee proceeded as if in submission to the ruling of the register, even creditors who now seek this review joining in the attempted election, I doubt whether the point under consideration could be now available to the contesting creditors. I make these suggestions because of the importance of having the practice in the particular referred to, well settled and understood, as it may not have heretofore been in this court.

The bankrupt law contemplates as little

delay as possible in the choice of an assignee and in his assumption of the care and management of the estate; and in this case after the appointment of the assignee, and after he had given bond and taken an assignment of the estate, and several days before the court was advised of any of the alleged irregularities in the proceedings, license was granted to him to sell property, upon the supposition that he had been regularly chosen, a circumstance which I think illustrates the propriety of the practice I have suggested.

2. The objection to the proof of debt offered at the creditors' meeting in behalf of Elam Beardsley, is, I think, well taken. Section 5078 of the United States Revised Statutes provides that such proof shall be made "by the claimant, testifying of his own knowledge, unless he is absent from the United States, or prevented by some other good cause from testifying, in which case the demand may be verified by the attorney or authorized agent, etc." The proof of this claim stated, as a reason why it was made by an agent, that the principal was traveling and was supposed to be in Colorado; and the register held that under the words "some other good cause," in the section cited, such absence of the claimant as was shown in this proof of his demand, justified proof by an agent. I do not concur in this construction of the law. As the statute when it mentions absence of the claimant as ground for verification of the claim by an agent, speaks particularly, and only, of absence from the United States, it must be held I think, that mere absence from the state or the locality where the proof is made, is not to be regarded as alone cause for proof by an agent. The words "some other good cause," means some sufficient cause other than or in addition to mere absence from the state. I concur in the ruling made in Re Whyte [Case No. 17,606], in which case it was held that the absence of a claimant, which will render a proof of debt by an agent admissible, must be "from the United States." But the objection to this claim is immaterial, since it did not, and could not affect the choice or appointment of an assignee. The disallowance of it by the register would still leave the case, so far as the choice of an assignee by vote of creditors was concerned, as it was, provided his rulings and action on the other points were right.

The result would not be changed by the exclusion of the claim. This being so, the court ought not to set aside proceedings otherwise regular, because of irregularity in admitting this claim. In re Lake Superior Ship Canal, Railroad & Iron Co. [supra].

3. It is claimed that the action of the register in appointing an assignee was irregular, that there was an opposing interest, and therefore that the register could not appoint. Section 5034 of Revised Statutes provides, that at the meeting of creditors for election of an assignee, if no choice be made, the judge, or if there be no opposing interest, the register shall appoint one or more assignees.

By "opposing interest" is meant not merely an interest contending by vote for the election of a particular person, but an interest in opposition to the exercise of the power of appointment by the register. Upon failure to elect an assignee by creditors, it becomes the duty of the register to state that the duty devolves upon the judge to appoint, unless there be no opposing interest. If there be no such interest, then the register may appoint. Some misunderstanding appears to exist between counsel, and between one of the counsel and the register, as to what transpired at the creditors' meeting. In justice to all parties I permitted in addition to the register's certificate, oral statements as to what then transpired to be made at the hearing. The register's certificate states that when the result of the vote showed that there had been no choice of assignee, he so announced to the creditors, and advised them that it became the duty of the judge to appoint the assignee, unless there were no opposing interests, when the register was authorized to make the appointment; that upon inquiry of the attorney for some of the creditors, he stated that the term "opposing interest" meant opposition or objection to an appointment by the register, and that no objection being made, he appointed the assignee. The recollection of counsel for creditors now opposing the register's appointment, differs somewhat from the statements of the register's certificate, but from the statements made by counsel on both sides and by one of the contesting creditors, I must conclude that the controversy before the register, was essentially upon the person to be chosen.

A creditor states that he thinks the register made to the meeting the statement embodied in his certificate, and adds that according to his recollection, the attorney representing himself and other creditors now contesting the appointment made by the register, requested or suggested the appointment of a person voted for by him, though this does not accord with counsel's understanding of what transpired.

From all the statements made, I think it a necessary inference, that specific objection was not made to an appointment by the register. In cases where there is no choice of an assignee by creditors, distinct disclosure should be made of any opposing interest, and the register should not appoint unless it appears beyond doubt that there is no such interest. In view of all the facts, and as no objection is made to the qualifications or integrity of the present assignee, I must confirm his appointment and set aside the stay of proceedings heretofore granted. If there should at any time arise any ground

of complaint against him or his administration of the estate, creditors will have the right and opportunity to be heard.